62 F.3d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Cesar Albert PLANAS, a/k/a Albert Planas, Defendant-Appellant.
 No. 95-3114.
 United States Court of Appeals, Tenth Circuit.
 Aug. 15, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 MOORE, Circuit Judge.
 
 
 1
 This is an appeal from the denial of a motion under 28 U.S.C. 2255. Neither party has requested oral argument, and our review of the briefs and record leads us to conclude oral argument would not be a benefit to the panel. The matter is therefore submitted on the briefs.
 
 
 2
 Defendant Cesar Planas filed a pro se motion contending he was denied effective assistance of counsel following his plea of guilty to one count of possession with intent to distribute one kilogram of cocaine. He contended he wanted to appeal his sentence, but his counsel failed to do so. Mr. Planas also contended the sentencing court erred in failing to grant him a two-point reduction for acceptance of responsibility.
 
 
 3
 The district court appointed present counsel to represent Mr. Planas and conducted an evidentiary hearing on the petition. Mr. Planas testified in his own behalf, and his prior counsel and the probation officer assigned to his case testified on behalf of the government.
 
 
 4
 At the conclusion of the hearing, the district court found the testimony of prior counsel "more credible" than that of Mr. Planas. As a result, the court found counsel had advised petitioner of the "operation and importance" of the sentencing guidelines and that petitioner was not entitled to a two-point reduction because petitioner steadfastly maintained throughout the proceeding that he had been in Colorado when the indicted offense was committed and thus could not be guilty. The court also found counsel had "implored" his client to change his position because of the overwhelming evidence to the contrary and that counsel believed his client was "an idiot" for not doing so.
 
 
 5
 The court further found that "Planas' own, informed decision was the cause-in-fact of his failure to receive a two-level reduction for acceptance of responsibility." Indeed, the court noted, Mr. Planas maintained even at the evidentiary hearing he was not in Kansas when the crime was committed.
 
 
 6
 Finally, the district court found Mr. Planas' testimony was contrary to the facts asserted by him in his 2255 petition. Rather than failing to follow instructions to file an appeal, Mr. Planas testified his counsel had convinced him it was "pointless" to file. The court found counsel had discussed the possibility of filing an appeal, had advised Mr. Planas there was not a "chance in Hell" for success because there was no legal basis for an appeal. Again, the court found, there was no factual support for the claim of ineffective assistance.
 
 
 7
 Mr. Planas' brief in this court ignores these factual determinations made by the district court. Without disputing the findings, counsel contends "[f]ailure to file a notice of appeal when requested deprives the defendant in a criminal case of effective assistance of counsel." This assertion is contradictory to Mr. Planas' own testimony, as found by the district court, that counsel persuaded him not to file an appeal because of its futility. Because counsel takes no issue with the district court's findings of fact, this argument is specious.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470